GRAHAM v. J. D. SPRECKELS & BROS. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1918.)

No. 2904.

1. COMPROMISE AND SETTLEMENT ⊚⟶17(1)—VALIDITY—DELIBERATION.

Where an elaborate contract adjusting the difficulties between the parties was the result of much consideration and many consultations with counsel, it is not thereafter subject to attack on the ground that it was not deliberately entered into.

2. CHATTEL MORTGAGES ⊚⟶6—DISTINGUISHED FROM CONDITIONAL SALES.

To adjust difficulties between the parties and terminate pending litigation, complainant entered into a contract with the principal defendant whereby securities, deeds, and releases of claims were deposited with a trustee under an agreement that if complainant should pay a large sum of money within six months they should be returned to him, and, if not, they should become the absolute property of the principal defendant. The contract further declared that all claims and demands between the parties should be forever settled and determined. *Held*, that such contract cannot be construed as a mortgage, pledge, or security for any indebtedness thereby renewed, but must be deemed a conditional sale of the securities and claims deposited with the trustee, it appearing that complainant entered into the contract in the hope of saving some at least of his interests in the properties in controversy, and hence no foreclosure was necessary to enable defendant to acquire the property deposited with the trustee.

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit by R. A. Graham against the J. D. Spreckels & Bros. Company, a corporation, and another. From a decree dismissing the bill, complainant appeals. Affirmed.

John L. McNab and Robert M. Reid, both of San Francisco, Cal., and Martin L. Pipes, of Portland, Or., for appellant.

Morrison, Dunne & Brobeck and Peter F. Dunne, all of San Francisco, Cal., and Fenton, Dey, Hampson & Fenton, of Portland, Or., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. We are, in our opinion, precluded from considering the merits of the numerous original controversies between the principal parties to this suit, or the various technical defenses interposed by the defendants thereto, because of the agreement entered into between them on the 8th day of June, 1899. For years prior to that time they had had extensive dealings regarding the building of a short line of railroad from Marshfield, on Coos Bay, Or., to Myrtle Point in that state, and which was designed to be extended to

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Roseburg, and in the acquiring and development of certain coal lands in the vicinity and in connection with certain lands donated by the citizens of Marshfield as a bonus to aid in the building of the road. Out of those dealings various disputes arose, resulting in certain lawsuits that were pending at the time the agreement of June 8, 1899, was entered into. One of those suits was brought in the Circuit Court of the United States for the District of Oregon, by Graham against the Beaver Hill Coal Company, which held the title to the coal lands, in which company both Graham and the J. D. Spreckels & Bros. Company were stockholders, and in which suit various charges and counter charges respecting the management of that property and the true status of the indebtedness between Graham and the J. D. Spreckels & Bros. Company were involved, and in which suit a receiver of the property of the coal company was appointed by the court in which the suit was commenced and pending. Another of the suits was one brought in the superior court of the city and county of San Francisco, Cal., against Graham, for an accounting of his management of the property of the Beaver Hill Coal Company. Another of the suits was one brought by the J. D. Spreckels & Bros. Company in the Circuit Court of the United States for the District of Oregon, against the Coos Bay, Roseburg & Eastern Railroad & Navigation Company, of which Graham was president and a large stockholder, and which company he caused to be organized for the purpose of building the railroad that has been mentioned. In that suit a receiver was also applied for and appointed. Another suit pending at the time of the making of the contract of June 8, 1899, between Graham and the Spreckels Bros. Company, was that then on trial, and which had been on trial for nearly one month in the superior court of the city and county of San Francisco, where it was brought by the J. D. Spreckels & Bros. Company against Graham, for the foreclosure of the liens given by him to them as security for his indebtedness to them, on the various properties he by the present suit claims the right to redeem, consisting of his interest in the Marshfield lands that have been referred to, of his stock in the railroad company mentioned, and of certain bonds of the latter company owned by the pledgor, and certain life insurance policies. In that condition of the dealings between Graham and the Spreckels Bros. Company and of the then pending litigation between them growing out of those dealings, the agreement of June 8, 1899, was executed.

The contentions on the part of the appellant are: First, that the contract is on its face a mortgage, pledge, or security, and not a conditional sale of Graham's properties; and, secondly, that the contract was made under such circumstances of duress and oppression that equity will hold it to be a mortgage, pledge, or security, with a right on his part to an accounting and the right to redeem the properties, and, in view of the claim of notice of the facts on the part of the appellee Southern Pacific Company, to a judgment. We are unable to take the view of the contract so contended for, but, on the contrary, are of the opinion that it was rightly construed by the learned judge of the court below. It shows upon its face, in our opinion, unmistak-

able evidence that it was not intended by the parties to be a mortgage, pledge, or security. Graham is named as party of the first part thereto, and J. D. Spreckels & Bros. Company, a corporation, as the party of the second part, and it starts with the express declaration that the agreement is made "for the purpose of completely adjusting all matters of difference between themselves and between each of them, and the Beaver Hill Coal Company, a corporation, and the Coos Bay, Roseburg & Eastern Railroad & Navigation Company, a corporation."

Its first provision is, in effect, that the receivership suit brought by Graham against the Beaver Hill Coal Company, and then pending in the Circuit Court of the United States for the District of Oregon, should be at once dismissed upon the settlement of the account of the receiver, the parties to bear their own costs; that an order be at once made requiring the receiver to render such account, with provisions not necessary to be stated regarding the payment of fees, costs, and charges, after which the receiver should surrender to the coal company all of its property, which company should remain in the possession thereof during the life of the contract of June 8, 1899, without interference in any manner by Graham; that the Spreckels Bros. Company should cause proper steps to be taken by the coal company, so long as it controlled the same, for the care and preservation of the said property of the coal company during the life of the contract of June 8, 1899, with certain provisions not important to be mentioned, relating to the payment of certain fees, costs, and expenses.

The second provision of the contract of June 8, 1899, provided for the immediate dismissal of the suit brought by the Beaver Hill Coal Company against Graham in the superior court of the city and county of San Francisco, the parties to bear their own costs, and for the delivery to Graham, upon the signing of the contract of June 8, 1899, of a release executed by the Beaver Hill Coal Company, releasing and discharging him of and from any and all claims and demands which it then had or claimed to have against him.

The third provision required the immediate dismissal of the suit then pending in the Circuit Court of the United States for the District of Oregon, brought by the J. D. Spreckels & Bros. Company, against the Coos Bay, Roseburg & Eastern Railroad & Navigation Company, the parties thereto to bear their own costs.

The fourth paragraph provided for the immediate entry in the suit brought by the Spreckels Bros. Company against Graham, then pending and on trial in the superior court of the city and county of San Francisco, of a judgment in favor of the Spreckels Bros. Company against him, for the sum of $532,162.52, together with interest thereon at the rate of 6 per cent. per annum from the 1st day of April, 1898, both in United-States gold coin, and providing for a sale of the pledged securities sought to be foreclosed in that suit, with the usual provisions for the docketing of a judgment against the judgment debtor for any deficiency which might exist after the sale of the collaterals specified in the original complaint in that suit, and that all proceedings to enforce said judgment be stayed for the period of six months after the date of the said agreement of June 8, 1899.

By the fifth clause of that contract the parties thereto designated and appointed the Bank of California, a corporation, as trustee for them, to hold the properties and written instruments therein and hereinafter mentioned, for the purposes subsequently specifically set out in the contract of June 8, 1899, and to perform the duties thereinafter also specifically prescribed.

By the sixth subdivision of the contract Graham was required to deliver to the trustee:

(a) All of the shares of the capital stock of the Coos Bay, Roseburg & Eastern Railroad & Navigation Company in excess of 10,001 shares thereof then held by the Spreckels Bros. Company, certificates therefor to be properly indorsed, "excepting seven shares thereof to be issued to the directors of said company as hereinafter provided."

(b) The resignation of all of the directors of said company then in office, the same to take effect upon the election of the directors subsequently named in the contract.

(c) A release executed by Graham releasing and discharging the Beaver Hill Coal Company of and from any and all claims and demands he then had or claimed to have against it, such release not to take effect, however, except upon his failure "to pay or cause to be paid to said trustee for the use and benefit of the second party (Spreckels Bros. Company) the sum of $550,000.00, gold coin of the United States, as hereinafter provided."

(d) A release executed by Graham releasing and discharging the Coos Bay, Roseburg & Eastern Railroad & Navigation Company of and from any and all claims and demands which he then had or claimed to have against that company; also a disclaimer of all right, title or interest in or to any of the property of that company, including the equipments and rolling stock of the railroad and the spur tracks to the mine of the Beaver Hill Coal Company, and to the mine of the Beaver Hill Coal Company, the same being known as the "Klondike Mine," such release and disclaimer not to take effect, however, except upon the failure of Graham "to pay or cause to be paid to said trustee for the use and benefit of the second party [Spreckels Bros. Company] said sum of $550,000.00 in gold coin of the United States, as hereinafter provided."

The contract of June 8, 1899, further provided that the J. D. Spreckels & Bros. Company should deliver to the trustee:

(a) The certificate for the 10,001 shares of the capital stock of the Coos Bay, Roseburg & Eastern Railroad & Navigation Company theretofore pledged to it by Graham, said certificate to be properly indorsed by the pledgee.

(b) All of the bonds of the Coos Bay, Roseburg & Eastern Railroad & Navigation Company theretofore pledged by Graham to the Spreckels Bros. Company and then in its hands, of the par value of $620,000.

(c) Assignments in proper form to the trustee of all judgments of record which had been rendered in the courts of Coos county, in the state of Oregon, in favor of the Spreckels Bros. Company and then held by it as collateral security for the payment of moneys owed to it by Graham.

(d) All of the shares of the capital stock of the Beaver Hill Coal Company excepting one share thereof to be issued to each one of the then directors of that company, such shares of stock issued to those directors to be duly indorsed and delivered by them to the trustee "as soon as possible hereafter, the same to be then held by said trustee, together with the other shares of said stock, for the uses and purposes hereinafter set forth."

(e) A satisfaction, in proper form, and duly acknowledged of the "judgment entered in said suit mentioned in paragraph number four of this agreement."

The contract of June 8, 1899, further declared that the parties thereto should jointly execute and deliver to the trustee a deed to the specifically described Marshfield lands, sufficient in form and substance to vest the title thereto in the trustee; that there should be transferred and issued to each of the following named persons, to wit: William L. Pierce, Frederick S. Samuels, W. S. Chandler, S. H. Hazard, R. A. Graham, J. W. Bennett, and T. R. Sheridan, one share of the capital stock of the Coos Bay, Roseburg & Eastern Railroad & Navigation Company, which said shares of stock should be duly indorsed and delivered by them to the trustee as soon as possible thereafter, the same to be then held by the trustee, together with the other shares of the stock of that company for the uses and purposes afterwards set forth in the contract; that a meeting of the directors of the company should be called for the reorganization of its board of directors, at which meeting the persons named should be elected to serve as directors of the company during the life of the contract of June 8, 1899, and until their successors should be elected and qualified; that upon their election each of such directors should sign a written resignation of his office and deliver the same to the trustee, "such resignation not to take effect, however, except as hereinafter provided."

Paragraph 8 of the contract of June 8, 1899, provided that Graham should remain manager of the Coos Bay, Roseburg & Eastern Railroad & Navigation Company during the life of the said agreement and subject to its terms; that at all times during the life of said contract the Spreckels Bros. Company should be entitled to have a representative in the county of Coos, state of Oregon, who should be permitted upon demand to inspect all books, papers and vouchers of every kind connected with the business of that company, which company should be operated during the life of the said agreement of June 8, 1899, as a railroad corporation and common carrier of passengers and freight for hire, and should not be used to further the personal purposes or enterprises of any individual in any manner which would not be to the best interests of the said company, and should offer no special advantages in freights or fares, rebates or credits to any individual not granted to the community by general tariff and regulation, and that the rate of 40 cents per ton theretofore fixed for the transportation of the coal of the Beaver Hill Coal Company over said railroad should not be changed during the life of the contract of June 8, 1899.

By paragraph 9 of that contract it was declared that if at any time within six months from its date Graham should pay or cause to be

paid to the trustee for the use and benefit of the Spreckels Bros. Company the sum of $550,000 in gold coin of the United States, "the title to all of the shares of stock, bonds, real property and judgments below mentioned shall thereupon vest in and the same shall become the absolute property of the first party [Graham] ; and said trustee is hereby authorized and directed to thereupon deliver to the first party [Graham], and the second party [Spreckels Bros. Company] hereby obligates itself to cause to be thereupon delivered to him"—

(a) All of the capital stock of the Beaver Hill Coal Company placed in the hands of the trustee and all of the shares therein issued to said directors of said company, all duly indorsed.

(b) All of the capital stock of the Coos Bay, Roseburg & Eastern Railroad & Navigation Company placed in the hands of the trustee, and all of the bonds of that company placed in the hands of the trustee.

(c) A good and sufficient deed of conveyance executed by the trustee to Graham of the specifically described Marshfield property.

(d) Assignments in proper form executed by the trustee to Graham of all of the judgments mentioned in favor of the Spreckels Bros. Company assigned by it to the trustee, "or if said judgments or any of them have been collected by said trustee then to pay over the moneys collected thereon to the first party [Graham]."

(e) "Said satisfaction of said judgment entered in said suit mentioned in paragraph number four of this agreement."

(f) "The resignations of the following directors of said Coos Bay, Roseburg & Eastern Railroad & Navigation Company, to wit, William L. Pierce, Frederick S. Samuels, W. S. Chandler, and S. H. Hazard, said resignations to then take effect."

(g) "Said release executed by the first party [Graham] in favor of said Beaver Hill Coal Company, and said release and disclaimer of the first party [Graham] in favor of said Coos Bay, Roseburg & Eastern Railroad & Navigation Company. And said trustee shall at the same time deliver to the second party [Spreckels Bros. Company] said sum of $550,000 in gold coin of the United States. Said payment of said sum of $550,000 in gold coin of the United States to said trustee, for the use and benefit of the second party [Spreckels Bros. Company], shall operate as a full settlement, satisfaction, and discharge of all claims and demands of every kind and nature whatsoever now existing in favor of either party hereto against the other; and of all claims and demands of every kind and nature whatsoever now existing in favor of the second party [Spreckels Bros. Company] against said Beaver Hill Coal Company and said Coos Bay, Roseburg & Eastern Railroad & Navigation Company. The second party [Spreckels Bros. Company] further agrees that it will upon demand of the first party [Graham], at any time after the payment of said sum of $550,000 to said trustee, execute a proper consent in writing to the cancellation of that certain order heretofore given by said Coos Bay, Roseburg & Eastern Railroad & Navigation Company to the Farmers' Loan & Trust Company, directing the delivery by said Farmers' Loan & Trust Company to the second party [Spreckels Bros. Company] of the bonds

of said Coos Bay, Roseburg & Eastern Railroad & Navigation Company as they may be issued from time to time."

Paragraph 10 of the contract of June 8, 1899, is as follows:

"10. Should the first party fail to pay or cause to be paid to the said trustee for the use and benefit of the second party, within said six months from the date hereof, said sum of $550,000.00, in gold coin of the United States, the title to all of the shares of stock, bonds, real property and judgment above mentioned shall, at the expiration of said six months, vest in and the same shall become the absolute property of the second party; and said trustee is hereby authorized and directed to thereupon deliver to the second party:

"(a) All of the capital stock of said Beaver Hill Company placed in the hands of said trustee, duly indorsed.

"(b) All of the capital stock of said Coos Bay, Roseburg & Eastern Railroad & Navigation Company placed in the hands of said trustee, and all of the bonds of said company placed in the hands of said trustee.

"(c) A good and sufficient deed of conveyance executed by said trustee to the second party of the above described real property in said town of Marshfield.

"(d) Assignments, in proper form, executed by said trustee, to the second party of all said judgments in favor of the second party assigned by it to said trustee, as hereinabove provided, or, if said judgments, or any of them, have been collected by said trustee, then to pay over the moneys collected thereon to the second party.

"(e) The resignation of the following directors of the said Coos Bay, Roseburg & Eastern Railroad & Navigation Company, to wit: R. A. Graham, T. E. Sheridan and J. W. Bennett, said resignation to then take effect.

"(f) Said release executed by the said party in favor of said Beaver Hill Coal Company, and said release and disclaimer of the first party in favor of said Coos Bay, Roseburg & Eastern Railroad & Navigation Company.

"And said trustee shall at the same time deliver to the first party said satisfaction of said judgment entered in said suit mentioned in paragraph number four of this agreement; and second party shall cause said Coos Bay, Roseburg & Eastern Railroad & Navigation Company to execute and deliver to the first party a release and discharge of any and all claims and demands which it may have or claim to have against the first party. And all matters and things in dispute between the parties hereto, or between the first party and said Beaver Hill Coal Company and said Coos Bay, Roseburg & Eastern Railroad & Navigation Company, and all claims and demands shall be and become, by virtue hereof, finally and forever settled and determined."

Paragraph 11 declared that upon the performance by the trustee of the acts therein provided to be done by it, the trust should cease and determine, and paragraph 12 made certain provisions concerning two portions of the Marshfield lands in the event that the party of the first part to the agreement (Graham) should pay the $550,000 to the trustee for the use and benefit of the Spreckels Bros. Company within six months from the date of the contract; and by paragraph 13 the party of the second part (Spreckels Bros. Company) further agreed that it would redeliver to the party of the first part (Graham) that certain policy of life insurance numbered 664,673 and then held by the second party (Spreckels Bros. Company), together with a waiver by the latter of all claim to or interest in the policy upon the payment by the first party (Graham) of the sum of $2,950 at any time during the life of the contract, and the concluding paragraph of the contract is as follows:

"14. It is mutually agreed that time shall be the essence of this agreement and that this agreement shall inure to the benefit of and shall bind

the heirs, executors, administrators, successors or assigns of the respective parties hereto."

[1] The record shows that the contract was duly executed by the parties to it, and the trust duly accepted by the trustee, Bank of California, and by it duly performed. It shows that the contract was the result of much consideration by both parties to it, after repeated consultations with their respective counsel. There is, therefore, no sound reason by which it can be properly held that it was not deliberately entered into.

[2] It is equally clear, we think, that the contract cannot be held to show on its face that it was intended as a mortgage, pledge, or other security for any indebtedness thereby renewed. On the contrary, the parties thereby expressly declared its purpose to be the complete adjusting of "all matters of difference between themselves and between each of them and the Beaver Hill Coal Company, a corporation, and the Coos Bay, Roseburg & Eastern Railroad & Navigation Company, a corporation," and thereby agreed that the then existing indebtedness from Graham to the Spreckels Bros. Company was $523,162.52, for which sum judgment should be and was entered against him in the suit then on trial, with interest thereon at the rate of 6 per cent. per annum from April 1, 1898, and providing for a sale of the pledged securities there, as well as here involved, with the usual provisions for the docketing of a judgment against the debtor for any deficiency which might exist after such sale, and with a provision to the effect that all proceedings to enforce the decree be stayed for the period of six months, within which period, according to the contract, upon Graham paying or causing to be paid to the trustee for the use and benefit of the Spreckels Bros. Company $550,000, all of the securities that he had given and that were placed in the hands of the trustee, should, together with the various releases, etc., be by the latter thereupon returned to Graham and become his absolute property, and that such payment should thereupon "operate as a full settlement, satisfaction, and discharge of all claims and demands of every kind and nature whatsoever now [then] existing in favor of either party hereto against the other; and of all claims and demands of every kind and nature whatsoever now [then] existing in favor of the second party [Spreckels Bros. Company] against said Beaver Hill Coal Company and said Coos Bay, Roseburg & Eastern Railroad & Navigation Company." Such payment within the stipulated period of six months was by express agreement of the parties made of the essence of the contract. And upon Graham's failure in that regard (which confessedly occurred) the express provision of the contract was that "the title to all of the shares of stock, bonds, real property and judgment above mentioned shall at the expiration of said six months, vest in and the same shall become the absolute property of the second party [Spreckels Bros. Company]; and said trustee is hereby authorized and directed to thereupon deliver to the second party [Spreckels Bros. Company]" the titles, releases, disclaimers, and pledged properties that had, in pursuance of the contract, been placed in its hands for that purpose, and to Graham, the satisfaction of the judgment that had, pursuant to the agreement, been

entered against him; and the Spreckels Bros. Company should cause the Coos Bay, Roseburg & Eastern Railroad & Navigation Company to execute and deliver to him a release and discharge of any and all claims and demands which it might have or claim to have against him. "And," continued the contract, "all matters and things in dispute between the parties hereto, or between the first party (Graham) and said Beaver Hill Coal Company and said Coos Bay, Roseburg & Eastern Railroad & Navigation Company, and all claims and demands shall be and become by virtue hereof, finally and forever settled and determined," with the further provision that upon the performance by the trustee of the acts therein provided to be done by it the trust should cease and determine.

Such being the contract of the parties, we regard it as clear that the appellant is concluded by his failure to pay or cause to be paid to the trustee for the use and benefit of the Spreckels Bros. Company the $550,000 within six months from June 8, 1899.

The judgment is affirmed.